# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-3569

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Alan Suschanke, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: April 14, 2011
Filed: June 13, 2011

———————

Before RILEY, Chief Judge, BENTON and SHEPHERD, Circuit Judges.

———————

RILEY, Chief Judge.

Alan Suschanke pled guilty to possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and § 2. Suschanke and his adult son, Matthew, shared an IBM computer containing more than 600 images of child pornography. The Suschankes' child pornography collection consisted of video clips and still pictures of prepubescent minors with some engaging in sadistic and masochistic conduct. After calculating an advisory United States Sentencing Guidelines (Guidelines) range of 78 to 97 months of imprisonment (level 28, category I), the district court[1] varied

———————

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

downward 18 months from the bottom of the range and sentenced Suschanke to 60 months imprisonment. Suschanke appeals his sentence, which he asserts is procedurally and substantively unreasonable.

Suschanke contends his sentence is procedurally unreasonable because the district court failed to explain adequately why a 60-month sentence was "sufficient but not greater than necessary" to accomplish the goals of 18 U.S.C. § 3553(a)(2) (the parsimony principle) or account for the disparity between Suschanke's 60-month sentence and his son's 24-month sentence. Suschanke emphasizes he and his son pled guilty to possessing the same child pornography collection.

Suschanke asserts the district court's 60-month sentence is substantively unreasonable because (1) the sentence produced an unwarranted sentencing disparity; (2) the district court "punished [Suschanke] for inducing [his son] by example[] to commit [the latter's] crime" absent any evidence of inducement; and (3) the district court increased Suschanke's sentence so he would receive sex offender treatment. Suschanke concludes his sentence is "arbitrary and whimsical."

"In reviewing a sentence, we engage in a two-part inquiry." United States v. Buesing, 615 F.3d 971, 974 (8th Cir. 2010). "We first 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" Id. at 974-75 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). "If the district court did not err on any such procedural ground, we 'then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" Id. at 975. It is "the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting United

States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008) (internal quotation marks omitted)).

We hold Suschanke's sentence is not procedurally or substantively unreasonable. The district court recited § 3553(a)'s parsimony principle, stated it had considered all of the § 3553(a) factors, and explained with sufficient specificity the reasons for imposing its chosen sentence upon Suschanke. See Feemster, 572 F.3d at 461 (stating district courts need not "provide a mechanical recitation of the § 3553(a) factors when determining a sentence" (quoting United States v. Walking Eagle, 553 F.3d 654, 659 (8th Cir. 2009) (internal quotation marks omitted)). The record does not reveal the district court relied on unsupported information, and we cannot say its observation that Suschanke was a "poor example" for his son was clearly erroneous, if erroneous at all. See generally United States v. Barry, 938 F.2d 1327, 1337-38 (D.C. Cir. 1991). The district court recognized Suschanke was the one who "sought [the child pornography] out," and Suschanke brought the offensive images into the home computer.

Even if the abrogation of United States v. Hawk Wing, 433 F.3d 622, 629-30 (8th Cir. 2006) (affirming a district court's decision to consider rehabilitation when deciding whether to impose a lengthier sentence) is forthcoming,[2] "nothing . . . prohibits sentencing courts from considering rehabilitative needs for other reasons, such as in selecting a *shorter* term of imprisonment." In re Sealed Case, 573 F.3d 844, 851 (D.C. Cir. 2009). See generally Pepper v. United States, ___ U.S. ___, ___, 131 S. Ct. 1229, 1241 (2011) (holding district courts may consider rehabilitation when deciding whether to impose a more lenient sentence at a defendant's resentencing). The district court merely stated, "I also believe that [Suschanke] can

---

[2]See Brief in Opposition to Petition for Writ of Certiorari, Tapia v. United States, ___ U.S. ___, 131 S. Ct. 817 (Dec. 10, 2010) (No. 10-5400), 2010 WL 5102987, at *7-*8 (disavowing Hawk Wing).

be afforded sex offender treatment in the custody of [the] Bureau of Prisons, and that can be accomplished by a sentence of imprisonment of less than 78 months." The district court was not required to extend more leniency to Suschanke than it did. <u>See</u> <u>United States v. McKanry</u>, 628 F.3d 1010, 1022 (8th Cir. 2011) ("[W]here a district court has sentenced a defendant below the advisory [G]uidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further.") (quoting <u>United States v. Moore</u>, 581 F.3d 681, 684 (8th Cir. 2009)).

Suschanke's 60-month sentence is neither "arbitrary" nor "whimsical." We affirm.

_____