# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3696

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Travis Nissen, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 20, 2011
Filed: January 25, 2012

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Travis Nissen pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The district court[1] sentenced him to 120 months imprisonment. Nissen appeals his sentence, arguing that the court erred in assessing a Sentencing Guidelines enhancement for the number of images he possessed and that the court sentenced him improperly by failing to specifically identify the factors it considered at sentencing. We affirm.

---

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

I.

On January 23, 2009, a search warrant was executed at Nissen's residence, and Nissen's computer was seized and taken to a forensic examiner. According to the presentence investigation report (PSR), the forensic examiner's report[2] determined that the computer hard drive contained approximately 123 visual depictions of persons suspected to be under the age of eighteen engaged in sex acts or displaying genitalia. On April 2, 2010, Nissen was charged with knowingly possessing child pornography (Count 1) and knowingly accessing with intent to view child pornography (Count 2), both in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Nissen pled guilty to Count 1 before a magistrate judge and the district court accepted Nissen's guilty plea.

A United States Probation Officer prepared a PSR for Nissen, calculating a base offense level of 18 under United States Sentencing Commission, Guidelines Manual, §2G2.2. The PSR categorized the 123 visual depictions of child pornography analyzed by the forensic examiner as 39 images, 83 thumbnail images from a Windows Movie Maker data file, and 1 video. The PSR explained that Windows Movie Maker is a video editing program that creates a data file containing thumbnail images from videos that are viewed and edited inside the program. The PSR noted the

_____

[2] Nissen's addendum to his appeal brief includes the six-page forensic report, which was not part of the district court record. "'An appellate court can properly consider only the record and facts before the district court and thus only those papers and exhibits filed in the district court can constitute the record on appeal.'" United States v. Brewer, 588 F.3d 1165, 1172 n.4 (8th Cir. 2009) (quoting Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc., 528 F.3d 556, 559-60 (8th Cir. 2008)). Accordingly, the Government moves to strike the forensic report from the addendum, any citation in Nissen's brief to this portion of the addendum, and Nissen's arguments in reliance upon the forensic report. Upon review, we find that the Government's motion to strike specifically identifies explicit references to the forensic report and those portions of Nissen's brief which rely exclusively on facts found only in the forensic report. The Government's motion is therefore granted.

Government's position that the thumbnail images came from approximately 40 to 50 different videos that were deleted from Nissen's hard drive before it was seized. The PSR also noted that phone records from January 23, 2009, showed that Nissen and his wife had several conversations after she was interviewed by law enforcement and before the search warrant was executed that same day. According to the PSR, the forensic examination indicated that the videos were deleted "within hours" of the search. The PSR concluded that "based on a preponderance of the evidence, the defendant possessed at least eight videos" and that Nissen possessed more than the 600 images required for a five-level increase under USSG §2G2.2(b)(7)(D).[3]

The PSR also recommended three separate two-level increases because the child pornography in Nissen's possession involved a prepubescent minor, portrayed sadistic or masochistic conduct, and involved the use of a computer. See USSG §2G2.2(b)(2), (4), and (6). The PSR took into account a three-level reduction for Nissen's acceptance of responsibility under USSG §3E1.1(a) and (b). This left Nissen with a total offense level of 28. Nissen was assessed five criminal history points, giving him a Category III criminal history. The Guidelines recommended a range of 97 to 121 months imprisonment, but because of the statutory maximum, the possible sentence was capped at 120 months.

After reviewing the PSR, Nissen submitted various objections—including general objections to the enhancements—but did not object to any part of the factual information regarding the number of images. At the sentencing hearing, Nissen also objected to the Guidelines calculation, but his objections were limited to general arguments about the unfairness of punishing possession of child pornography at the same level as creation or distribution. Indeed, Nissen's attorney expressly stated that

---

[3] The Guidelines provide that for the purposes of calculating the number of images for the §2G2.2(b)(7) enhancement, "[e]ach video, video-clip, movie, or similar visual depiction shall be considered to have 75 images." USSG §2G2.2, comment. (n. 4(B)(ii)).

he was "not objecting to the application of [the guidelines] but just the appropriateness of them." Nissen did not object to the court's reliance on the uncontested information in the PSR or its finding that he possessed 600 or more images of child pornography. Instead, Nissen requested a downward variance.

The court announced that it had "considered each and every factor that applies" under 18 U.S.C. § 3553(a) and discussed aspects of Nissen's history and the nature of his offense. In particular, the court discussed the devastating effects of child pornography on its victims and found by a preponderance of the evidence that Nissen had sexually abused his three-year-old daughter. The court then stated that it had "considered the other statutory factors that apply" but declined to dictate those into the record. The court denied Nissen's request for a downward variance and determined that "given all the statutory factors in this case, a guideline sentence is appropriate" and that it should be "a sentence at the very top of the advisory guideline range." Nissen was sentenced to 120 months imprisonment followed by 10 years of supervised release. Pursuant to a plea agreement, the Government moved to dismiss Count 2, and the motion was granted. At the end of the sentencing hearing, the court restated its position that the maximum sentence was warranted because of Nissen's criminal history and the other section 3553(a) factors.

## II.

On appeal, Nissen challenges the district court's calculation of the Guidelines range, arguing that the court erred by applying a five-level increase because there were insufficient facts to show that Nissen knowingly possessed more than 600 images of child pornography. Nissen also claims that the court failed to adequately explain the factors it relied upon in calculating his sentence.

In reviewing a sentence, "[w]e first 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the

Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" United States v. Buesing, 615 F.3d 971, 974-75 (8th Cir. 2010) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[4] However, "[i]f a defendant fails to object timely to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error." United States v. Vaughn, 519 F.3d 802, 804 (8th Cir. 2008). "'Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights. If a defendant makes that showing, an appellate court may exercise its discretion to correct a forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" United States v. MacInnis, 607 F.3d 539, 542 (8th Cir.), cert. denied, 131 S. Ct. 494 (2010) (quoting United States v. Lomeli, 596 F.3d 496, 504 (8th Cir. 2010)). Here, Nissen failed to object to either the district court's calculation of the Guidelines range at sentencing or its explanation of his sentence. Therefore, we must review Nissen's claims under the plain error standard. We address each claim in turn.

## A.

Nissen first argues that there were insufficient facts to show that he possessed 600 or more images and that the district court therefore erred in assessing a five-level enhancement pursuant to USSG §2G2.2(b)(7)(D).

Nissen contends that the PSR mischaracterized the results of the forensic report on Nissen's hard drive and that the district court lacked sufficient factual information

---

[4] Our review for procedural error at sentencing is normally followed by an examination of whether the sentence was reasonable under an abuse of discretion standard. Buesing, 615 F.3d at 975. However, Nissen does not argue on appeal that his sentence is substantively unreasonable, and thus we need not reach this prong of the analysis.

to determine that he actually possessed more than eight different videos of child pornography. However, "'unless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes.'" United States v. Azure, 596 F.3d 449, 454 (8th Cir.), cert. denied, 131 S. Ct. 250 (2010) (quoting United States v. Moser, 168 F.3d 1130, 1132 (8th Cir. 1999)). See also United States v. Razo-Guerra, 534 F.3d 970, 976 (8th Cir. 2008) ("[W]e require that objections to the PSR be made with specificity and clarity before a district court is precluded from relying on the factual statements contained in the PSR." (internal quotation marks omitted)). Here, Nissen did not object to the statements in the PSR implying that Nissen deleted videos depicting child pornography from his computer hard drive prior to its seizure. Nor did Nissen specifically object to the PSR's statement of the Government's position, which was that the thumbnail images came from approximately 40 to 50 separate videos depicting child pornography. Nissen also failed to specifically object to the PSR's conclusion that Nissen possessed at least eight videos depicting child pornography before the seizure of the hard drive. Therefore, the district court was entitled to rely on these statements when determining whether a Guidelines enhancement was appropriate.

Based on the undisputed information in the PSR, we believe that the district court could have concluded by a preponderance of the evidence that Nissen was eligible for a five-level increase under USSG §2G2.2(b)(7)(D). Nissen did not object to the PSR's characterization of how Windows Movie Maker thumbnail images are created. Most crucially, Nissen never opposed the Government's position that these thumbnail images came from 40 to 50 videos that had once resided on Nissen's computer. Because the PSR explained that the thumbnail images were created when videos were edited or played in Windows Movie Maker, the court could have drawn the inference that Nissen knowingly possessed the videos because he viewed them or edited them at some point. Indeed, a court is permitted to rely on circumstantial evidence that demonstrates knowing possession of a certain number of images when deciding whether USSG §2G2.2(b)(7)(D) applies. See United States v. Patrick, 363

F. App'x 722, 725 (11th Cir. 2010) (unpublished) (affirming the district court's application of an enhancement for 600 or more images of child pornography where defendant only admitted to possessing 10 images and 1,100 other images were found in unallocated portions of defendant's hard drive). On the basis of the facts presented, the district court was entitled to determine that Nissen's offense involved the knowing possession of more than 600 images of child pornography. See United States v. Cordy, 560 F.3d 808, 817 (8th Cir. 2010) (upholding an enhancement under USSG §2G2.2(b)(7)(D) on the basis of a Government agent's testimony at the sentencing hearing that, in his opinion, "the majority" of approximately 6000 images found on a hard drive were child pornography).

Under these circumstances, we cannot find that the district court's calculation under the Guidelines amounted to plain error, let alone the sort of plain error that calls into question the fairness, integrity, or public reputation of judicial proceedings. Therefore, we find no plain error in the district court's decision to impose a five-level increase for possession of more than 600 images of child pornography.

B.

Nissen next argues that the court failed to adequately explain his sentence because the court mentioned that "other statutory factors" were considered without going into greater detail.

"[I]t is imperative that district courts provide an adequate explanation of their sentencing decisions so this court can ensure there is no significant procedural error." United States v. Guarino, 517 F.3d 1067, 1069 (8th Cir. 2008). However, "[a] district court is not required to make specific findings; all that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008). For example,

"there is no requirement that the district court recite every § 3553(a) factor" during sentencing. United States v. Mees, 640 F.3d 849, 855 (8th Cir. 2011).

Nissen's claim rests on the possibility that the district court's reference to "other statutory factors" alluded to some unidentified statute, which provided Nissen with no opportunity to contest the grounds for the district court's decision. At oral argument, Nissen conceded that his challenge must fail if the district court's reference to "other statutory factors" was simply a reference to the section 3553(a) factors. Upon review of the sentencing transcript, we find that it was such a reference. The court initially announced that it "considered each and every factor under 18 United States Code Section 3553(a)," including "the kinds of sentences available under the statute of conviction" as per section 3553(a)(3). The court then stated that it had "considered the nature and circumstances of the offense and the history and characteristics of the defendant" as per section 3553(a)(1). At this point, the court announced that it had determined that Nissen sexually abused his daughter. The court then stated that it had "considered the other statutory factors that apply," but that it was "not going to dictate those into the record today." Immediately after this announcement, the court noted that the restitution factor of section 3553(a)(7) was not applicable. We believe that when viewed in the context of the district court's entire explanation of Nissen's sentence, the reference to "other statutory factors" was simply a reference to factors (2), (4), (5), and (6) of section 3553(a), which were not specifically discussed on the record.

The record demonstrates that the district court was aware of the relevant factors and carefully considered them when determining Nissen's sentence. Indeed, the court discussed aspects of Nissen's background and the crime that directly corresponded to specific factors listed in section 3553(a). We therefore find no plain error in the district court's explanation of Nissen's sentence.

## III.

For the foregoing reasons, we affirm the sentence imposed by the district court. And as discussed above, the Government's motion to strike portions of Nissen's brief and addendum is granted.

_____