# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2688

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Barbara Sibylle Norris, also known | * | |
| as Barbara Sibylle Hildebrandt, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 11, 2012
Filed: July 20, 2012

_____

Before MURPHY, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Barbara Norris pled guilty to social security representative payee fraud in violation of 42 U.S.C. § 408(a)(5). The district court[1] sentenced her to 18 months in prison, the top of her guideline range. Norris appeals, arguing that her sentence is substantively unreasonable. We affirm.

_____

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

As an organizational payee with the Social Security Administration (SSA), Norris helped disabled social security recipients who were unable to manage their benefits. She was responsible for depositing their benefits into their bank accounts and paying their bills. The SSA received multiple complaints from beneficiaries after they had not been able to contact Norris. The SSA audited Norris and discovered that she lacked a bookkeeping system, had made improper charges to beneficiaries, and had not been reconciling checkbooks with monthly bank statements. After a beneficiary notified authorities in 2006 that Norris had failed to pay her bills, they learned that Norris had fraudulently taken approximately $61,000 from beneficiary accounts for her personal use.

Norris was indicted on nine counts of fraud in violation of 42 U.S.C. § 408(a)(5) and 42 U.S.C. § 1383a(a)(4). She pled guilty to one count, admitting that she had knowingly and willfully converted payments she had received as an organizational representative payee for one beneficiary. The other counts were dismissed. The presentence investigation report (PSR) recommended a total offense level of 13. See U.S.S.G. § 2B1.1. Since Norris had no prior criminal history, her advisory sentencing range was 12 to 18 months. She requested a sentence of five years probation with home confinement because of her poor health, advanced age of 66 years, prior generosity, and ability to make restitution payments. The government recommended a sentence at the low end of the guideline range with half of it to be satisfied by home confinement.

The district court sentenced Norris to 18 months plus 3 years of supervised release. It also ordered her to pay approximately $71,000 in restitution and a special assessment of $100. The court stated that the sentencing guidelines "properly account[ed] for [Norris's] behavior" because the SSA had "put a high level of reliance" on her and she had "specifically [been] dealing with people who are disabled." The district court also read a victim impact statement which asked that Norris "be judged according to her actions regarding . . . stealing from elderly or

disabled clients who trusted her in good faith." The district court concluded that the 18 U.S.C. § 3553(a) factors warranted an 18 month sentence.

Norris appeals, arguing that the district court erred in calculating her guideline range and imposed a substantively unreasonable sentence. The government moved to dismiss the appeal, contending that Norris had waived her right to appeal in her plea agreement. We granted that motion in part, allowing Norris's appeal to proceed only on the issue of whether her sentence was substantively reasonable but not as to the court's guideline calculation. We therefore address only the substantive reasonableness of her sentence.

The substantive reasonableness of a sentence is reviewed under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). A sentencing court abuses its discretion "when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors, but commits a clear error of judgment in weighing those factors." United States v. Miller, 544 F.3d 930, 932 (8th Cir. 2008). A sentence within the guideline range is given a "presumption of substantive reasonableness" on appeal. United States v. Robinson, 516 F.3d 716, 717 (8th Cir. 2008).

We conclude that the district court did not abuse its discretion in sentencing Norris to 18 months in prison. The court reviewed the PSR, the victim losses and their impact statements, as well as letters in support of Norris. The district court pointed out that Norris had defrauded "human beings who are living at the edge of society" and cited the emotional and financial problems that Norris's actions had caused for at least one of her victims. Although Norris has medical problems, the district court noted that federal prisons have "excellent medical care." The court specifically stated that it thought "that the federal sentenc[ing] statute, 3553(a) and its factors, . . . line up nicely with the guidelines in [this] case." It thus properly applied its "wide latitude to weigh the § 3553(a) factors . . . and assigned some factors

-3-

greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009).

Accordingly, the judgment of the district court is affirmed.

_____