# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1763

_____

United States of America

*Plaintiff - Appellee*

v.

Keith Hager, also known as Avon

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 13, 2015
Filed: April 24, 2015
[Unpublished]

_____

Before BYE, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Keith Hager pleaded guilty to one count of conspiring to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 860. The district

court[1] sentenced Hager to 960 months of imprisonment, the statutory maximum. Hager appeals the sentence, arguing the district court erred by misunderstanding the correct United States Sentencing Guidelines (Guidelines) range, by imposing an unreasonable sentence, and by imposing a sentence which was grossly disproportionate to the offense committed. We affirm.

I

In May 2013, a grand jury indicted Hager and ten co-defendants in a third superseding indictment, naming Hager in two counts. Pursuant to a plea agreement, Hager pleaded guilty to one count of conspiring to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 860.

The district court held a sentencing hearing on November 20 and 26, 2013, and March 12, 2014, hearing testimony from multiple co-defendants about their and Hager's involvement in the conspiracy. The district court also heard testimony from Hager's girlfriend and another of his acquaintances. After considering the testimony, the district court found Hager participated in a conspiracy to distribute drugs, primarily cocaine and heroin, from 2004 until 2013, spanning between Iowa and Illinois. Hager also was an organizer, leader, manager, or supervisor of the conspiracy and shielded himself from detection by establishing a layered organizational network, including utilizing street dealers and middlemen who distributed drugs to street dealers. During the conspiracy, as calculated by the district court, Hager was involved with the distribution of 78,613.975 kilograms of marijuana-equivalent drugs and at least one underage individual was involved with the distribution.

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

The district court additionally found Hager obstructed justice on three occasions, including calling a co-defendant to testify at the sentencing hearing who testified falsely about his and Hager's involvement in the conspiracy, making false claims to the district court and the probation office, and urging a co-defendant to retract truthful statements from his plea agreement which implicated Hager. The district court further found Hager had not established that he accepted responsibility for his actions. Based on these considerations, the district court determined Hager's total offense level was 47, which when combined with Hager's criminal history category of II, resulted in Hager's Guidelines range as life imprisonment. The statutory maximum for Hager's offense, however, was 960 months of imprisonment. Although the district court never explicitly stated the statutory maximum for Hager's offense, the presentence investigation report (PSR) included the statutory maximum, and counsel for both the government and Hager mentioned the statutory maximum for Hager was 960 months during argument.

After considering the 18 U.S.C. § 3553(a) factors and Hager's arguments for a sentence less than 960 months, including statistics demonstrating a decreased probability that a person will commit additional crimes as he or she ages, Hager's familial responsibilities, remorse, and substance abuse history, and the potential for a cruel and unusual punishment, the district court sentenced Hager to 960 months. The district court further explained that if it erred in computing the Guidelines range, it would impose the same sentence due to the large quantity of drugs involved in the conspiracy, the length and extent of the conspiracy, Hager's leadership position in the conspiracy and attempts to isolate himself to decrease the risk of detection, and Hager's untruthfulness. Hager appeals.

II

Hager first contends the district court erred both procedurally and substantively when imposing his sentence. "In reviewing a sentence, we engage in a two-part

inquiry." United States v. Suschanke, 641 F.3d 968, 969 (8th Cir. 2011) (internal quotation marks and citation omitted). "We first 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" United States v. Buesing, 615 F.3d 971, 974-75 (8th Cir. 2010) (alteration in original) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). "Usually, '[i]n reviewing a sentence for significant procedural error, we review a district court's factual findings for clear error and its interpretation and application of the guidelines de novo.'" United States v. Timberlake, 679 F.3d 1008, 1011 (8th Cir. 2012) (alteration in original) (quoting United States v. Bryant, 606 F.3d 912, 918 (8th Cir. 2010)). But "[i]f a defendant fails to timely object to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error." United States v. Phelps, 536 F.3d 862, 865 (8th Cir. 2008). Although Hager argues he objected to the procedural error by arguing for a sentence less than the statutory maximum, this is insufficient. See United States v. Bain, 586 F.3d 634, 639-40 (8th Cir. 2009). Accordingly, we review his claims for plain error.

Hager maintains the district court committed procedural error by incorrectly believing the Guidelines range was life imprisonment rather than the statutory maximum of 960 months. He contends this court should vacate his current sentence because the district court imposed 960 months with the belief that it was a variance downward from life rather than the statutory maximum.

Under the circumstances of this case, however, we need not determine whether the district court procedurally erred because any such error would be harmless. Cf. United States v. Waller, 689 F.3d 947, 957 (8th Cir. 2012) ("[A] non-harmless error in calculating the [G]uidelines range requires a remand for resentencing." (second alteration in original) (internal quotation marks and citation omitted)). "When a Gall

procedural error is reviewed for plain error, the burden is on the defendant to demonstrate a reasonable probability that, but for the error, the outcome would have been different." United States v. Ault, 598 F.3d 1039, 1042 (8th Cir. 2010). Assuming procedural error occurred and the district court believed Hager's Guidelines range was life, Hager has not carried his burden. The record unequivocally indicates the district court would have imposed a 960-month sentence even if there was an error in computing the Guidelines range based on the § 3553(a) factors and the circumstances present in Hager's case. See United States v. Sanchez-Martinez, 633 F.3d 658, 660-61 (8th Cir. 2011) (concluding any procedural error was harmless because the record clearly indicated the district court would have imposed the same sentence regardless of any error).

Finding harmless procedural error, if any, we next consider whether Hager's sentence was substantively unreasonable. We review the "substantive reasonableness of the sentence under the abuse-of-discretion standard considering the totality of the circumstances." Bain, 586 F.3d at 637 (internal quotation marks omitted). "[A] district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." United States v. Toothman, 543 F.3d 967, 971 (8th Cir. 2008) (internal quotation marks omitted). "A sentence within the [G]uideline range is given a presumption of substantive reasonableness on appeal." United States v. Norris, 685 F.3d 1126, 1128 (8th Cir. 2012) (internal quotation marks omitted).

Relying on United States v. Payton, 754 F.3d 375, 379 (6th Cir. 2014), Hager contends the district court substantively erred by imposing a sentence which was greater than necessary. According to Hager, statistics show that as a person ages, his or her probability of recidivating decreases. Hager argues the district court abused its discretion by declining to vary downward based on these statistics and by speculating about Hager's recidivism potential in the future. Hager highlights his lack of criminal history to support his argument.

-5-

After careful review of the sentencing record, we conclude Hager's sentence within the Guidelines range is not substantively unreasonable. The district court considered Hager's argument and the statistics he presented but declined to apply them. In rejecting the arguments, the district court explained it did not find statistics particularly helpful for sentencing because it is required to make an individualized assessment of each defendant under § 3553(a). The district court then elaborated on Hager's circumstances by explaining he has a long history of drug dealing, has gang affiliation, has not had honest employment, and has not been honest with the district court or probation. Consequently, the district court believed Hager is at a high risk to recidivate and did not fit within Hager's general proposition regarding age. We find it was within the district court's discretion to reject Hager's argument, and his sentence is not unreasonable. See United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) ("Where the district court in imposing a sentence makes an individualized assessment based on the facts presented, addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable." (internal quotation marks omitted)). We further find Hager's reliance on Payton is misplaced, which included the imposition of a sentence more than twice the Guidelines range without consideration of Payton's arguments. 754 F.3d at 377-79. Accordingly, the district court did not commit substantive error.

Hager's final contention is the sentence imposed violates his Eighth Amendment rights against cruel and unusual punishment. Citing Henderson v. Norris, 258 F.3d 706, 710 (8th Cir. 2001), Hager asserts his sentence is grossly disproportionate to the offense committed because his prior criminal history was minimal—an offense for attempted drug possession for which he served only four days in jail and a conviction for driving under the influence—and he was caught selling heroin on only one occasion in regard to his current conspiracy offense.

"The Eighth Amendment, which forbids cruel and unusual punishments, contains a narrow proportionality principle that applies to noncapital sentences."

Ewing v. California, 538 U.S. 11, 20 (2003) (internal quotation marks omitted). The Eighth Amendment, however, "does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are grossly disproportionate to the crime." United States v. Wiest, 596 F.3d 906, 911 (8th Cir. 2010) (internal quotation marks omitted). "It is exceedingly rare for an offense that does not have a capital sentence to violate the Eighth Amendment." Id. We review an Eighth Amendment challenge to a sentence *de novo*. Id.

We disagree that Hager's sentence is grossly disproportionate to the offense he committed. Unlike the defendant in Henderson, who received a life sentence without the possibility of parole for selling a total of .238 grams of cocaine base for a total of $20, the defendant's first ever conviction, 258 F.3d at 710, Hager was the leader of a multi-state drug conspiracy which distributed more than 78,613 kilograms of marijuana-equivalent drugs and spanned approximately ten years. Hager's attempt to minimize his criminal history is not persuasive, and we find his sentence does not violate the Eighth Amendment. See United States v. Weis, 487 F.3d 1148, 1154 (8th Cir. 2007) ("It is rare for a term of years within the authorized statutory range to violate the Eighth Amendment.").

III

For these reasons, we affirm the judgment of the district court.

_____