# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-3666

_____

United States of America

*Plaintiff - Appellee*

v.

Steven Shane Horton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: October 14, 2019
Filed: November 13, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

Steven Shane Horton pled guilty to access or attempt to access child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court[1] sentenced him to 84 months' imprisonment. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Horton argues his sentence should be reversed because the government did not timely submit its objections to the presentence investigation report ("PSR") or sentencing exhibits. This court reviews the decision to allow untimely objections and exhibits for abuse of discretion. *See United States v. Sheridan*, 859 F.3d 579, 583 (8th Cir. 2017) (noting that "the Rules of Evidence expressly do not apply to sentencing proceedings" and when "a proper objection is made" this court reviews for abuse of discretion) (cleaned up); *United States v. Jones*, 70 F.3d 1009, 1010 (8th Cir. 1995) ("[T]he district court had the discretion to consider Jones's untimely objection if he satisfied Federal Rule of Criminal Procedure 32(b)(6)(D).").

The deadline to submit objections to the PSR was September 18th. The government submitted its objections September 25th, over two months before sentencing. The deadline to submit sentencing memoranda and exhibits was five days before sentencing. The government filed its memorandum and exhibits two days before sentencing. The government did not timely submit its objections or exhibits. However, the district court did not abuse its discretion in overruling the objections to their timeliness. Horton had sufficient time to review the government's objections and exhibits. *See Sheridan*, 859 F.3d at 583 (holding that a district court may rely on evidence "without regard to its admissibility under the rules of evidence applicable at trial, so long as that evidence possesses sufficient indicia of reliability to support its probable accuracy") (internal quotation marks omitted); *United States v. Leach*, 491 F.3d 858, 862 (8th Cir. 2007) ("The reason for the fourteen-day filing

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

requirement" of Fed. R. Crim. P. 32(f) "is so that the objections can be addressed and investigated prior to the sentencing hearing.") (cleaned up).

Horton challenges the five-level sentencing enhancement for accessing more than 600 images of child pornography. This court "review[s] de novo whether the district court correctly interpreted and applied the sentencing guidelines" and "the court's factual findings are reviewed for clear error." *United States v. Koch*, 625 F.3d 470, 480 (8th Cir. 2010). Horton argues the evidence was insufficient to support the finding that he accessed more than 600 images because clicking a link to child pornography does not mean he "actually accessed or attempted to access that many images." This argument is without merit. There is no requirement that the court find he "viewed specific images in order to count them." *Id*. *See United States v. Huyck*, 849 F.3d 432, 439 (8th Cir. 2017) (holding that the defendant "did not simply and accidentally navigate" to child pornography "for a few meaningless minutes" but rather "accessed [it] after taking a number of intermediate steps that indicated his knowledge that [the site] trafficked in child pornography"). The evidence that he clicked on links containing more than 600 images is sufficient to meet the requirements of the sentencing enhancement. *See United States v. Nissen*, 666 F.3d 486, 491 (8th Cir. 2012) ("Indeed, a court is permitted to rely on circumstantial evidence that demonstrates knowing possession of a certain number of images when deciding whether USSG § 2G2.2(b)(7)(D) applies."). The district court did not clearly err in finding Horton accessed more than 600 images.

Horton asserts the district court did not properly weigh the sentencing factors, specifically his age, "low risk of recidivism," medical issues, and employment, in sentencing him. This court reviews the substantive reasonableness of a sentence for an abuse of discretion. *See United States v. Lasley*, 832 F.3d 910, 913 (8th Cir. 2016). The district court stated that it "considered all of the factors under 3553(a)," including his age, "letters of support from your friends and family," and his employment. It also discussed his family life, expressing its concern that there were

"three boys in your life who you are not biologically related to who you sought out and brought into your home who are all of the same age and it's that same age that is repeated over and over again in your message threads and your child pornography images." Finally, the court noted that the type of pornography Horton viewed was "some of the most horrific stuff I've seen." The district court did not abuse its discretion in imposing a within-guidelines sentence.

* * * * * * *

The judgment is affirmed.

_____