# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1516

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri. |
| Scott Kinsey Black, | * |
| | * |
| Appellant. | * |

_____

Submitted: December 16, 2011
Filed: March 12, 2012

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Scott Kinsey Black pled guilty to two counts of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court[1] sentenced him to sixty months' imprisonment, an eighteen-month downward variance from the United States Sentencing Guidelines (Guidelines) range. Black appeals his sentence, arguing that the court erred in failing to consider or adequately respond to his argument that the child pornography sentencing guidelines are overinflated. Black further contends that his sentence is substantively unreasonable because the district

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

court did not fully consider the 18 U.S.C. § 3553(a) factors. Finally, he argues that the district court abused its discretion in imposing a special condition of supervised release restricting Black's access to the internet. We affirm.

I.

Following the entry of his guilty plea, Black filed a sentencing memorandum with the district court, arguing that his history and characteristics and the nature of the offense weighed in favor of a sentence of probation. The memorandum also argued that the enhancements in the child pornography possession sentencing guidelines often result in a sentence significantly greater than necessary to serve the statutory purposes of sentencing.

At sentencing, the district court calculated Black's Guidelines range to be 78 to 97 months' imprisonment. In determining Black's sentence, the district court stated that the sadistic and masochistic images of children under the age of twelve found on Black's computer "are as bad as anything that we deal with[.]" Sentencing Tr. 18. After stating that it had read Black's sentencing memorandum, the district court discussed Black's mental health history and his lack of criminal history and then varied downward to a sentence of sixty months' imprisonment. During its discussion of the sentencing factors, the district court asked the parties if they wished to have any other factors discussed. Neither party responded, whereupon, having determined that a sixty-month sentence satisfied the statutory purposes of sentencing, the district court found that the sentence as pronounced avoided an unwarranted sentencing disparity.

The district court also sentenced Black to a lifetime of supervised release, one condition of which was that Black not use a computer or device that has access to the internet without the written approval of the probation office. The district court found that this condition was appropriate in light of the fact that Black had "actively used a retrieval computer-type device in order to execute the crime." Sentencing Tr. 24.

The presentence investigation report (PSR) revealed that Black had used Limewire, an online file sharing program, to download child pornography. Neither party objected to the factual findings in the PSR.

## II.

"In reviewing a challenge to a sentence, we 'must first ensure that the district court committed no significant procedural error.'" United States v. Dace, 660 F.3d 1011, 1013 (8th Cir. 2011) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). Failing to adequately explain a chosen sentence or failing to consider the § 3553(a) factors constitutes procedural error. United States v. Nissen, 666 F.3d 486, 490 (8th Cir. 2012) (citations omitted). "If a defendant fails to timely object to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error." United States v. Phelps, 536 F.3d 862, 865 (8th Cir. 2008). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." Id. (citations omitted). "'An error affects a substantial right if it is prejudicial,' meaning that 'there is a reasonable probability the defendant would have received a lighter sentence but for the error.'" United States v. Maxwell, 664 F.3d 240, 246 (8th Cir. 2011) (quoting United States v. Mireles, 617 F.3d 1009, 1013 (8th Cir. 2010)). Even if that showing is made, "[t]his court will correct such an error 'only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting United States v. Starfield, 563 F.3d 673, 674 (8th Cir. 2009)). Because Black failed to object with any specificity to the district court's alleged failure to consider Black's child pornography guidelines argument or to explain in any detail the reasons for the sentence, we review his claims for plain error only.

Black cites Rita v. United States, 551 U.S. 338 (2007), for the proposition that when a nonfrivolous reason for imposing a different sentence is presented, the sentencing judge "will normally . . . explain why he has rejected those arguments."

Id. at 357. Yet, as we have noted, "Rita also indicates that not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008). "District courts generally have discretion to decide whether to respond to every argument." Dace, 660 F.3d at 1014 (citing Rita, 551 U.S. at 356).

Black raised his argument regarding the child pornography guidelines in his sentencing memorandum, but he did not reiterate it at the sentencing hearing, nor did he ask the district court to address it. Although the district court made no specific reference to the argument at the hearing, it indicated that it had read the sentencing memorandum. Indeed, it engaged in a colloquy with defense counsel regarding a portion thereof. Moreover, when the district court asked whether there were other factors that it should discuss, Black did not renew his overinflated child pornography guidelines argument. That a district judge does not mention a nonfrivolous argument does not mean that it was not considered. See Gray, 533 F.3d at 944. Black has thus not shown plain error. Even if we assume that the district court erred by not discussing Black's argument regarding the child pornography guidelines, Black has not shown a reasonable probability that he would have received a lower sentence but for the alleged error.

Black next contends that the district court failed to adequately explain its reasoning for rejecting his argument. As set forth above, a district court need not respond to every argument a defendant makes, see Dace, 660 F.3d at 1014, Gray, 533 F.3d at 944. "In explaining the sentence the district court need only set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Gonzalez, 573 F.3d 600, 607 (8th Cir. 2009) (citation omitted). "[A]ll that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." Nissen, 666 F.3d at 491 (quoting United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008)). The record demonstrates that the

district court was aware of the relevant factors and that it considered them when determining Black's sentence. The district court mentioned the nature and characteristics of the offense, Black's lack of a criminal history, his mental health problems, his need for continued treatment, and the need to avoid unwarranted sentencing disparities.

No procedural errors having been demonstrated, we turn to the substantive reasonableness of the sentence, which we review under a deferential abuse-of-discretion standard. United States v. Werlein, 664 F.3d 1143, 1146 (8th Cir. 2011) (per curiam) (citing Gall, 552 U.S. at 51). "A district court abuses its discretion 'when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits clear error of judgment in weighing those factors.'" Id. (quoting United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008)). Black argues that the sentence imposed by the district court is substantively unreasonable because the court did not consider that the child pornography guidelines are overinflated, gave too much weight to the offense, did not sufficiently explain the sentence, and did not properly apply the sentencing factors.

"A presumption of reasonableness will be applied to sentences within the guideline range, even if the sentence is derived from a guideline that was 'the product of congressional direction rather than [an] empirical approach.'" Werlein, 664 F.3d at 1146 (alteration in original) (quoting United States v. Kiderlen, 569 F.3d 358, 369 (8th Cir. 2009)). Moreover, "[w]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. McKanry, 628 F.3d 1010, 1022 (8th Cir. 2011) (internal quotation and citation omitted). Having read Black's sentencing memorandum, the district court considered not only the nature of the offense but also Black's characteristics weighing in favor of a more lenient sentence, including his mental health history and lack of criminal history, and then

varied downward from Black's sentencing range. Assuming that it may disregard the child pornography sentencing guideline on policy grounds, a district court is not required to do so. See United States v. Barron, 557 F.3d 866, 871 (8th Cir. 2009); see also United States v. Maulding, 627 F.3d 285 (7th Cir. 2010) (per curiam) (holding that a policy disagreement with the child pornography sentencing guidelines does not require a district court to vary downward for a defendant's sentence to be reasonable). In sum, the district court did not abuse its discretion in declining to vary downward still further.

Finally, Black contends that the district court abused its discretion by imposing a special condition of supervised release prohibiting access to the internet without approval from the probation office. "The district court enjoys broad discretion when imposing conditions of supervised release, provided that each condition: '1) is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a); 2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and 3) is consistent with any pertinent policy statements issued by the Sentencing Commission.'" United States v. Wiedower, 634 F.3d 490, 493 (8th Cir. 2011) (quoting United States v. Bender, 566 F.3d 748, 751 (8th Cir. 2009)). Because Black did not object to the imposition of the restriction at sentencing, we review his argument under the plain error standard set forth above.

We conclude that the district court did not plainly err in imposing the internet restriction. The district court found that Black was not just a passive possessor of child pornography but rather "actively used a retrieval computer-type device in order to execute the crime." Sentencing Tr. 24. The court noted that the PSR, which stated that Black had employed a Limewire file sharing program, demonstrated that the limitations placed on Black's supervised release were appropriate because of the manner and method by which Black had accessed the child pornography. In United States v. Durham, 618 F.3d 921 (8th Cir. 2010), we determined that a district court does not abuse its discretion, much less plainly err, in imposing a restriction on

internet access when the restriction does not amount to a total ban and the evidence shows that the defendant shared child pornography through the use of a file sharing program like Limewire.  Id. at 944-45.  Because Black may still access the internet with the permission of the probation office, the ban is not a total one, id. at 944, and thus the district court did not plainly err in imposing the internet use restriction.

### III.

The sentence is affirmed.

_____