# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1873

_____

United States of America

*Plaintiff - Appellee*

v.

David Zouck

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: January 17, 2017
Filed: January 19, 2017
[Unpublished]

_____

Before LOKEN, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

David Zouck appeals his conviction and the sentence imposed by the district court[1] following his guilty plea to conspiring to distribute 500 grams or more of a

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

substance containing methamphetamine, and to distributing 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1). We affirm.

First, Zouck argues that his plea was involuntary and unknowing, but he did not move in the district court to withdraw his plea. See United States v. Umanzor, 617 F.3d 1053, 1060-61 (8th Cir. 2010). Second, he argues the district court erroneously calculated his offense level based on inaccurate information in the presentence report (PSR), but the court did not err in relying on PSR recitations to which Zouck did not object. See United States v. Wiggins, 747 F.3d 959, 963 (8th Cir. 2014) (standard of review); United States v. Munoz, 324 F.3d 987, 991-92 (8th Cir. 2003). Third, he argues the district court erred by failing to give notice of its intent to depart upward, but the sentence imposed was not an upward departure from the applicable Sentencing Guidelines range. Cf. Fed. R. Crim. P. 32(h) (notice requirement). Fourth, Zouck is incorrect that his concurrent 132-month prison sentences were beyond the maximum authorized by law. See 21 U.S.C. § 841(b)(1)(A), (b)(1)(B); United States v. Bossany, 678 F.3d 603, 606 (8th Cir. 2012) (standard of review). Fifth, we reject Zouck's claim that the within-Guidelines-range sentence was unreasonable. See United States v. Black, 670 F.3d 877, 882 (8th Cir. 2012) (standard of review). Last, we decline to address on direct appeal the claim that counsel provided ineffective assistance. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003).

Accordingly, we affirm.

_____