# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4499

_____

United States of America

*Plaintiff - Appellee*

v.

William Marshall

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: December 11, 2017
Filed: June 4, 2018
[Published]

_____

Before SMITH, Chief Judge, ARNOLD and KELLY, Circuit Judges.

_____

PER CURIAM.

William Marshall pleaded guilty to making a false statement to a government agency ("Count 1") and aggravated identity theft ("Count 2"). The district court[1]

_____

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

sentenced him to 24 months' imprisonment on Count 1 and, as required by 18 U.S.C. § 1028A, 24 months' imprisonment on Count 2, to run consecutively, for a total term of 48 months' imprisonment. The court also sentenced Marshall to two years of supervised release. Marshall appeals, arguing both procedural error and substantive unreasonableness. We affirm.

I. *Background*

Marshall moved from Arkansas to California in the late 1980s. He was arrested in San Diego, California, on drug charges in 1991 and placed on a three-year term of probation. During his probation, Marshall returned to Arkansas without leave of California authorities, and a warrant was issued in July 1992 for violating his probation. In March 1992, while in Arkansas, he requested and obtained a Social Security card in the name of Terry Calvin Jones, a real person who lived in San Diego, California, at the time.

From at least March 1992 until the time of his arrest in 2015, Marshall lived as Terry Jones. He obtained government identification and employment; filed taxes; settled insurance claims; and was even arrested, convicted, and sentenced on multiple occasions under that name. In 2015, Marshall was charged in an eight-count indictment with one count of making a false statement to a government agency, in violation of 18 U.S.C. § 1001; four counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A; and three counts of misuse of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B). Pursuant to his plea agreement, he pleaded guilty to Counts 1 and 2 for completing a form to obtain a replacement Social Security card in Terry Jones's name in 2011. The remaining counts were dismissed.

The statutory maximum for Count 1 was five years' imprisonment. 18 U.S.C. § 1001(a). Count 2 carried a mandatory sentence of 24 months' imprisonment to run consecutively to any other sentence imposed. 18 U.S.C. § 1028A(a)–(b). Because of their proximity to the commencement of his offense conduct in 1992, convictions

from as far back as 1987 counted in Marshall's presentence report (PSR). These convictions included forgery, theft, fraudulent use of a credit card, failure to appear, and numerous drug offenses. The district court calculated a Guidelines range of 6 to 12 months' imprisonment on Count 1.

Marshall asked the court to vary downward. He testified that he had left California because criminals forced him to do so:

> I had a flower business and I got in with the mob out there, and they—
> I tried to commit suicide twice. And they told me—they took my name,
> my ID and stuff, my business, and gave me a new ID, and took me down
> to the Department of Motor Vehicles in California and got me an ID
> card, and told me to leave the state and never come back. So I had my
> mother and father come get me.

Sentencing Transcript at 24, *United States v. Marshall*, No. 4:15-cr-00098-BSM-1 (E.D. Ark. Dec. 9, 2016), ECF No. 39. He also asked the court to consider that he made several attempts to reclaim his true name in Arkansas but had been rebuffed by government offices when he did so. Additionally, he argued that the court should consider that he had avoided legal trouble for nearly 15 years. Further, he claimed that he had sought to clear up his warrant, but he lacked the financial resources to go to California. The court also heard the testimony of Marshall's mother, Edith McDonald, who listed his health problems and stated that he helps her provide for several young relatives.

The government moved for an upward variance. It argued that Marshall had been engaged in criminal activity for over 20 years because he lived under a false name while violating his probation. The government also pointed out that Marshall's age-related health issues should not receive much weight due to his long-term fugitive status. The government also referenced Marshall's 2006 DUI arrest for the

proposition that despite his claim otherwise, Marshall had not avoided legal trouble since 2001.

The district court granted the government's motion for an upward variance, stating:

> I am going to deny the motion to vary downward. I am going to grant the motion to vary upward because of the history, the nature of the offense, and the fact that Mr. Jones, or Mr. Marshall, has essentially been absconding from the state of California—has absconded from the state of California and has been essentially a fugitive from justice for 20 years.
>
> Now, here's the question then. Am I going to give him the five years' imprisonment, which would have been 36 months on Count 1, and 12 months—I mean, 24 months on Count 2? That was my initial thought: 36 months on Count 1, and then 24 on Count 2, to run consecutively. But I'm not going to do that. What I'm going to do is I'm going to give him 24 months on Count 1, and 24 months on Count 2, to run consecutively. Also, I'm going to order him to two years of supervised release upon release from the Bureau of Prisons.

Sentencing Transcript at 56.

## II. *Discussion*

Marshall argues that the district court erred procedurally by basing the sentence on erroneous findings and unconstitutional factors and that the sentence is substantively unreasonable because the court gave insufficient weight to mitigating factors. Because the aggravated identity theft sentence is mandated by statute, he appeals only the sentence imposed for Count 1.

We follow a two-step process when reviewing a sentence on appeal:

"This court reviews sentences in two steps: first, for significant procedural error; and if there is none, for substantive reasonableness." Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."

*United States v. Hunt*, 840 F.3d 554, 557 (8th Cir. 2016) (per curiam) (first quoting *United States v. Martin*, 757 F.3d 776, 779 (8th Cir. 2014), then quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "In reviewing a sentence for significant procedural error, we review a district court's factual findings for clear error and its interpretation and application of the guidelines de novo." *United States v. Kirlin*, 859 F.3d 539, 543 (8th Cir. 2017) (quoting *United States v. Bryant*, 606 F.3d 912, 918 (8th Cir. 2010)).

"In the absence of procedural error, this court considers the 'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *Hunt*, 840 F.3d at 558 (quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). An abuse of discretion occurs when a district court "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Id.* (quoting *Feemster*, 572 F.3d at 461).

Marshall contends on appeal that the district court erroneously relied on the government's assertion that California authorities issued a warrant for his arrest before he left California. In support of this position, Marshall relies on his claim that

he changed his name to Terry Jones and left California for fear of the mob, not to avoid execution of a warrant. Further, he argues that he obtained a Social Security card under Jones's name after coming to Arkansas but *before* his probation was revoked. Finally, he asserts that fleeing justice in California could not have been his motive, as authorities there were not empowered to extradite him even if they had known he was living in Arkansas.

We conclude that the district court did not rely on clearly erroneous facts. Marshall is correct that the record supports a finding that he returned to Arkansas and began to go by Terry Jones before the California warrant was issued. But the record does not show that the district court found otherwise. Though the government argued that Marshall left California and assumed a new name to avoid justice there, the district court did not expressly find that this was his motivation. Rather, the court found that Marshall "has absconded from the state of California and has been essentially a fugitive from justice for 20 years." Sentencing Transcript at 56. This conclusion remains valid despite his having spent four months living under a stolen identity in Arkansas but not subject to an active warrant. The undisputed facts show Marshall left California in 1992 while on probation there, he began to live under another person's name shortly after returning to Arkansas, and a warrant was issued for his arrest shortly after his departure. At his sentencing, over 20 years after its issuance, the warrant was still active.[2]

Relatedly, the court was not obligated to credit Marshall's claim that fear of the mob precipitated his departure from California. "[I]n sentencing matters a district court's assessment of witness credibility is quintessentially a judgment call and virtually unassailable on appeal." *United States v. Rodriguez*, 711 F.3d 928, 938 (8th

---

[2]We also note that even if he did not obtain a Social Security card in the name of Terry Jones until he was back in Arkansas, Marshall claimed in his testimony that he obtained an ID in Jones's name *before* he left California. *See ante* at 3.

Cir. 2013) (quoting *United States v. Quintana*, 340 F.3d 700, 702 (8th Cir. 2003)). Here, the only evidence that Marshall was forced to leave California and begin life under a new name was his own testimony. On this record, the court did not clearly err by declining to credit it.

Marshall also avers that his sentence violates the Due Process and Equal Protection Clauses of the Constitution. Specifically, he claims indigency prevented him from clearing up the California warrant because he could not afford the travel expense. However, "we regularly decline to consider cursory or summary arguments that are unsupported by citations to legal authorities." *United States v. Stuckey*, 255 F.3d 528, 531 (8th Cir. 2001) (citations omitted). Because Marshall does little more than cite the Constitution on this point, we reject his argument that the court punished him due to indigence. Further, on this record, it would not have been clear error to conclude that, at some point, Marshall had the funds necessary to make the trip to California and resolve his warrant.[3]

Lastly, Marshall argues that his sentence was greater than necessary to satisfy the statutory goals of sentencing. He contends that the district court failed to give due consideration to his physical and mental ailments, his family's reliance on him, his strong work history and record of filing his taxes. And, he believes his clean record from 2001 to 2016 should have received greater weight.

---

[3]The PSR reflects that Marshall had a funeral transportation business from 2005 to 2006 that grossed $220,000 and employed four people. After that, he moved to Florida, where he worked from the beginning of 2006 until the middle of 2008 in various restaurant chain management positions and made about $4,000 per month. He also worked as a manager at a Burger King in Arkansas from late 2011 to early 2012. Marshall has not shown that personal poverty played any role in his failure to resolve a known outstanding warrant before arrest.

"[A] sentencing court has wide latitude to weigh the § 3553(a) factors and assign some factors greater weight than others in determining an appropriate sentence." *United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012) (citations omitted).

The court heard Marshall's arguments, testimony, and allocution, and it engaged with counsel for both parties at some length. The court assessed Marshall's credibility and ruled accordingly. Marshall has not shown that the court misweighed the § 3553(a) factors by giving undue weight to an improper or irrelevant factor or not considering a relevant factor.

Finally, considering this record, the district court's upward variance going from 12 months to 24 months when the statutory maximum is 60 months is reasonable. *See Ferguson v. United States*, 623 F.3d 627, 629, 631 (8th Cir. 2010) (upholding 60-month sentence where Guidelines range was 6 to 12 months' imprisonment).

The district court's weighing of the § 3553(a) factors was not an abuse of discretion. Marshall's sentence was procedurally sound and substantively reasonable.

### III. *Conclusion*

Accordingly, we affirm.

_____