# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3386
_____

United States of America

*Plaintiff - Appellee*

v.

James Patrick Howley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: July 18, 2019
Filed: July 23, 2019
[Unpublished]

_____

Before LOKEN, GRUENDER, and STRAS, Circuit Judges.

_____

PER CURIAM.

James Howley pleaded guilty to distributing child pornography, 18 U.S.C. § 2252(a)(2), (b)(1), and the district court[1] imposed a below-Guidelines-range sentence of 210 months in prison. In an *Anders* brief, Howley's counsel suggests

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

that the sentence is substantively unreasonable and requests permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). In a pro se brief, Howley argues that his guilty plea was neither knowing nor voluntary, that the prosecutor engaged in misconduct, and that he received ineffective assistance of counsel.

We conclude that Howley's sentence is substantively reasonable. *See United States v. Feemster*, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc) (discussing appellate review of sentencing decisions); *United States v. Black*, 670 F.3d 877, 882 (8th Cir. 2012) ("[When] a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the district court abused its discretion in not varying downward still further." (citation omitted)). The record establishes that the district court sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Wohlman*, 651 F.3d 878, 887 (8th Cir. 2011); *Feemster*, 572 F.3d at 461.

We further conclude that his plea was knowing and voluntary, *see United States v. Andis*, 333 F.3d 886, 890–91 (8th Cir. 2003) (en banc), and that there is no evidence of prosecutorial misconduct, *see United States v. Hunter*, 770 F.3d 740, 743 (8th Cir. 2014). On this record, we also decline to address Howley's ineffective-assistance-of-counsel claim. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006) (explaining that ineffective-assistance claims generally are not considered on direct appeal, unless the record has been fully developed, the failure to act would amount to a plain miscarriage of justice, or counsel's error is readily apparent).

Finally, we have independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75 (1988). Accordingly, we affirm the judgment and grant counsel permission to withdraw.

_____