# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2463
_____

United States of America

*Plaintiff - Appellee*

v.

Amanda Holy Bull

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen
_____

Submitted: September 21, 2020
Filed: September 24, 2020
[Unpublished]
_____

Before BENTON, MELLOY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Defendant Amanda Holy Bull appeals her revocation sentence arguing procedural error and substantive unreasonableness. We affirm.

Holy Bull pleaded guilty to one count of conspiring to commit mail and wire fraud in relation to a cattle grazing scheme in violation of 18 U.S.C. §§ 1341, 1343, and 1349. She was sentenced to five years of probation. This represented a variance from her Guidelines range of 30–37 months. In addition, she and a co-defendant were ordered to pay $236,000 restitution to the victims of the fraud.

It appears she then maintained employment and sobriety for approximately one year while living with her six children. Upon receipt of certain social security and veterans benefits, however, she quit her job and quickly began using methamphetamine. After Holy Bull failed several drug tests and failed to participate in drug treatment, as required by the terms of her probation, her probation officer petitioned for revocation. Eventually, she failed to appear for a hearing as to an amended petition, and the district court issued an arrest warrant. Approximately four months later, she was arrested during a traffic stop and found to be in possession of methamphetamine.

At Holy Bull's revocation hearing, the district court[1] recited these events, her history, her initial sentencing hearing, the lenient sentence she had received, and the fact that her need to care for her six children served as one of the reasons the district court had imposed probation rather than imprisonment. The district court expressed frustration at the facts that, notwithstanding her lenient treatment, Holy Bull had absconded, failed to appear at her earlier revocation hearing, and turned to drugs during her probation. The court then imposed an above-Guidelines-range revocation sentence of 37 months' imprisonment based on a Guidelines range of 4–10 months.

On appeal, Holy Bull argues the district court procedurally erred by failing to adequately explain its sentence or its application of the factors listed in 18 U.S.C.

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

§ 3553(a). We find no procedural error.[2] "We do not require a district court to mechanically list every § 3553(a) consideration when sentencing a defendant upon revocation of supervised release." United States v. Michael, 909 F.3d 990, 995 (8th Cir. 2018) (quoting United States v. Petreikis, 551 F.3d 822, 824–25 (8th Cir. 2009)). Here, the district court's comments read against the undisputed history of this case, including the same district court judge's initial sentencing of Holy Bull, more than adequately explain the court's analysis and application of the factors.

Holy Bull also argues her revocation sentence is substantively unreasonable. We review the substantive reasonableness of a revocation sentence for an abuse of discretion. See United States v. Hall, 931 F.3d 694, 696 (8th Cir. 2019). A district court abuses its discretion when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United State v. Marshall, 891 F.3d 716, 719 (8th Cir. 2018) (citation omitted). Although the district court heard evidence regarding, and discussed at some length Holy Bull's drug addiction, she argues her sentence is unreasonable due to the district court's failure to consider her treatment needs. The sentencing transcript belies her argument. We find no abuse of the district court's substantial discretion.

We affirm the judgment of the district court.

_____

_____

[2]The government argues that plain error review applies to this issue. Because we find no error, we necessarily find no plain error.