# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1740
_____

United States of America

*Plaintiff - Appellee*

v.

Wilbur Turner

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: September 21, 2020
Filed: December 4, 2020
[Unpublished]
_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

Wilbur Turner appeals the nine-month prison sentence he received for violating the conditions of his supervised release, arguing the sentence is substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

In 2013, Turner pleaded guilty to one count of conspiracy to distribute crack cocaine and cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B), 846. The district court[1] sentenced him to 70 months (later reduced to 60 months) in prison and four years of supervised release. Turner began serving his first term of supervised release in December 2018. A month later, the district court revoked his supervised release for failure to comply with mandatory drug testing and use of a controlled substance, and imposed a seven-month prison sentence and a three-year term of supervised release. Turner began serving his second term of supervised release in August 2019. In April 2020, the district court again revoked his supervised release for several violations, including failure to participate in mandatory substance abuse testing and use of a controlled substance, and imposed a nine-month prison sentence and a one-year term of supervised release. This appeal concerns the second revocation sentence.

We review the substantive reasonableness of a revocation sentence under the same deferential abuse of discretion standard we apply to an initial sentence. See United States v. Hall, 931 F.3d 694, 696 (8th Cir. 2019). The district court abuses its discretion when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Marshall, 891 F.3d 716, 719 (8th Cir. 2018) (per curiam) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)).

Turner argues that his second revocation sentence is substantively unreasonable because the district court failed to consider mitigating factors that would have warranted a shorter sentence, particularly in light of the ongoing COVID-19

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

-2-

pandemic. First, he argues the district court gave insufficient weight to his "strong history of employment." Second, Turner asserts the district court failed to consider that he is the sole financial provider for his wife and her grandchildren. Third, he contends the district court did not take into account that his hyperthyroidism, hypertension, and anxiety could elevate his risk of severe illness if he were to contract COVID-19 while incarcerated.

Based on our review of the record, we find the district court sufficiently considered the sentencing factors, 18 U.S.C. §§ 3553(a), 3583(e)(3), and did not rely on any improper factor or commit a clear error of judgment. The district court also addressed and gave appropriate consideration to the mitigating factors that Turner raised in support of a lower sentence. Turner's sentence of nine months was within the advisory Guidelines range of 5–11 months, and nothing in the record suggests the sentence was an abuse of the district court's discretion. See Feemster, 572 F.3d at 464 ("[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." (quoting United States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008))).

We affirm the judgment of the district court.

_____