# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3528
_____

United States of America

*Plaintiff - Appellee*

v.

Edward Lee Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: September 21, 2020
Filed: December 23, 2020

_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

In November 2019, Edward Lee Smith was sentenced to 180 months imprisonment for possession of controlled substances with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). At the same time, Smith was sentenced to a consecutive term of 30 months imprisonment for violating the terms of a previously imposed term of supervised release. On appeal, Smith argues that the

district court[1] procedurally erred by finding that, per the United States Sentencing Guidelines, a consecutive term was mandatory. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.

In 2008, a jury convicted Smith of possession with the intent to distribute cocaine base and manufacturing cocaine base. He was sentenced to 120 months imprisonment and eight years of supervised release. In February 2019—while Smith was still on supervised release—the United States Probation Office filed a Petition for Violation of Supervised Release. In the Petition, the Probation Office alleged that Smith had violated the terms and conditions of his supervised release by, among other things, possessing controlled substances. In May 2019, based on the same conduct, Smith was charged with one count of possession with intent to distribute controlled substances. In July 2019, pursuant to a plea agreement, Smith pled guilty to this count. As a part of Smith's plea agreement, the government agreed to raise no objection to Smith serving concurrent (rather than consecutive) sentences for his possession charge and for his then-pending supervised release violation.

At Smith's sentencing hearing, the district court reminded Smith that his guilty plea to the possession charge implicated a violation of his supervised release terms. The district court said, "And, of course . . . the plea to this involves a violation of your sentencing supervised release from your previous case, because there's a new offense and you had obviously a requirement to have no new offenses and not be involved with narcotics." R. Doc. 83, at 5.[2] Smith acknowledged this and waived

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

[2]The revocation of supervised release is Case No. 0:08-cr-00128 (PAM), and the possession with the intent to distribute controlled substances is case number 0:19-CR-00144 (ADM/HB), both from the District of Minnesota. For the purposes of this opinion, all citations to the record originate from Case No. 0:19-cr-00144 (ADM/HB).

any hearing on the revocation petition. The district court stated, "[T]he record will reflect that the hearing has been waived, and we'll treat that case as a part of this case under the circumstances and do both sentencings at once." R. Doc. 83, at 5.

The district court then discussed the Sentencing Guidelines and the Guidelines' impact on Smith's case before acknowledging that the parties' plea agreement "simplifie[d]" much of the sentencing process. R. Doc. 83, at 2-4. The district court calculated the Guidelines range for Smith's new offense as 168 to 210 months imprisonment and noted the parties' plea agreement (and the agreed-to range of 144 to 216-months imprisonment). The court stated, "It seems to me that there's sort of an assumption that [Smith's sentences] would be concurrent, but looking at the law it looks to me pretty clear that I probably should be imposing consecutive time on that." R. Doc. 83, at 13. Later in that hearing, the court stated:

> I am going to adjust things a little differently than counsel ha[s] done and impose a consecutive sentence, because I think it's required as I read the [G]uidelines or it makes sense to me that it does. So there should be some recognition of committing another federal felony offense, while you are already on federal probation, should be warranted of consecutive time.

R. Doc. 83, at 21. Ultimately, the district court sentenced Smith to 180 months imprisonment on the new conviction and 30 months imprisonment for his supervised release violation to be served consecutively, for a total of 210 months. The court also imposed a supervised release term of eight years.

II.

We first consider whether the district court committed a procedural error. United States v. Green, 946 F.3d 433, 440 (8th Cir. 2019). "In reviewing a sentence for significant procedural error, we review a district court's factual findings for clear error and its interpretation and application of the [G]uidelines de novo." United States v. Marshall, 891 F.3d 716, 719 (8th Cir. 2018) (quoting United States v.

Kirlin, 859 F.3d 539, 543 (8th Cir. 2017)). "'Procedural error' includes 'failing to calculate (or improperly calculating) the Guidelines range, *treating the Guidelines as mandatory*, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (emphasis added) (citation omitted). "[If] we find that significant procedural error occurred, we must reverse unless the error was harmless." United States v. Moody, 930 F.3d 991, 993 (8th Cir. 2019).

Smith contends that the district court committed significant procedural error when it treated the Sentencing Guidelines as mandatory, requiring that it impose consecutive (rather than concurrent) sentences. We disagree. Smith is correct that to treat the Guidelines as mandatory is to commit significant procedural error. Id. However, the record reflects that the district court treated the Guidelines as merely advisory.

First, the government agreed to concurrent sentences in the plea agreement. At Smith's plea hearing, the court recognized this agreement by stating, "[T]here is going to be no objection by the government to running any time imposed for your pending supervised release case concurrently or at the same time as the time imposed in this case." R. Doc. 81, at 17. Next, at Smith's sentencing hearing, the government informed the court that it had no objection to concurrent sentences. Defense counsel highlighted the Guideline's advisory nature by stating, "Your Honor, the [G]uidelines do call for a consecutive term as to the supervised release violation; however, those, the [G]uidelines . . . are advisory." R. Doc. 83, at 14. At no time did the court dispute the parties' understanding that the Guidelines are advisory.

Smith directs our attention to the district court's colloquy with counsel at his sentencing hearing in which the court stated: "I am going to adjust things a little differently than counsel ha[s] done and impose a consecutive sentence, because I think it's required as I read the [G]uidelines or it makes sense to me that it does."

R. Doc. 83, at 21. Smith emphasizes the phrase "because I think it's required" as evidence that the district court applied the Guidelines as mandatory. The Guidelines, at § 7B1.3(f), state that consecutive sentences are required in cases like Smith's, and perhaps the district court was simply tracking that language. Nevertheless, it *would* be a significant procedural error to read the Guidelines—even Guidelines containing compulsory language like § 7B1.3(f)—as mandatory. Green, 946 F.3d at 440.

But we do not look at this five-word phrase in isolation. Rather, we consider it in the context of the entirety of the sentencing proceeding. See, e.g., Kirlin, 859 F.3d at 545 (finding no error where the "sentencing record taken as a whole" demonstrates that the district court engaged in a proper § 3553(a) analysis (citation omitted)). And when viewing that record in its entirety, it is clear the district court did not treat the Guidelines as mandatory and properly exercised its discretion in ordering consecutive sentences. The court explained "it makes sense" that "there should be some recognition" Smith committed a federal felony offense while on federal probation. R. Doc. 83, at 21. In an effort to achieve this objective, the court opted to "adjust things a little differently" from what the plea agreement directed. R. Doc. 83, at 21.

We acknowledge that the district court's statements could have been more precise. However, after considering the record in its entirety, it is evident that the district court understood the Sentencing Guidelines were advisory rather than mandatory and exercised its discretion in ordering consecutive sentences. Because we find no error, we do not reach the issue of harmlessness. Moody, 930 F.3d at 993.

## III.

For the above-stated reasons, we affirm Smith's consecutive sentences.

_____