United States Court of Appeals
For the Eighth Circuit
No. 20-1144

United States of America

*Plaintiff - Appellee*

v.

Matthew Eric Dolven

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: November 16, 2020
Filed: February 2, 2021
[Unpublished]

_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Matthew Dolven received a 360-month prison sentence after pleading guilty to two child-pornography counts. 18 U.S.C. §§ 2251(a), (e) (production); 2252(a)(2), (b)(1) (distribution). Although Dolven argues that his sentence is unreasonable, we affirm.

The district court[1] varied downward after considering multiple mitigating factors. *See United States v. Townsend*, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam) ("[The defendant] must show more than the fact that the district court disagreed with his view of what weight ought to be accorded [to] certain sentencing factors."). "In these circumstances, it is nearly inconceivable that the court abused its discretion in not varying downward [even] further." *United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009).

Dolven's other arguments fare no better. Although he complains that the Sentencing Guidelines for child-pornography offenses are "overly punitive," the district court had no obligation to vary downward on pure "policy grounds," even if it could have done so. *United States v. Black*, 670 F.3d 877, 882 (8th Cir. 2012). Nor has he demonstrated that a 360-month prison sentence creates "unwarranted sentence disparities." 18 U.S.C. § 3553(a)(6); *see United States v. Carr*, 895 F.3d 1083, 1091 (8th Cir. 2018) ("[A] sentencing[-]disparity argument requires a showing that the [defendant] and his comparators are similar in conduct and record." (internal quotation marks omitted)).

We accordingly affirm the judgment of the district court.

_____

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.