# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2467

_____

United States of America

*Plaintiff - Appellee*

v.

Erik M. Barber

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Western

_____

Submitted: February 3, 2021
Filed: February 8, 2021
[Unpublished]

_____

Before GRASZ, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Erik Barber received a 219-month sentence after he pleaded guilty to conspiring to distribute a controlled substance. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. In an *Anders* brief, Barber's counsel suggests that the sentence is substantively unreasonable and requests permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We affirm.

We conclude that Barber's sentence is substantively reasonable. *See United States v. Feemster*, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc) (applying an abuse-of-discretion standard); *see also United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014) (stating that a within-Guidelines-range sentence is presumptively reasonable). The record establishes that the district court[1] sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Larison*, 432 F.3d 921, 923–24 (8th Cir. 2006). Moreover, the court had no obligation to vary downward "on policy grounds," even if it had the authority to do so. *United States v. Black*, 670 F.3d 877, 882 (8th Cir. 2012).

Finally, we have independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly affirm the judgment of the district court and grant counsel permission to withdraw.

_____

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.