# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3680

_____

United States of America

*Plaintiff - Appellee*

v.

Marty L. Luke

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: November 15, 2021
Filed: March 30, 2022
[Unpublished]

_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Marty Luke pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The district court[1] denied his objection to the inclusion of a 1990 state burglary conviction in his criminal history score and sentenced him to 87 months in prison. Luke appeals, arguing that the district court committed significant procedural error and that his sentence is substantively unreasonable. We affirm.

In reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its interpretation and application of the Guidelines *de novo*. United States v. Smith, 983 F.3d 1006, 1008 (8th Cir. 2020). Failure to correctly calculate the Guidelines range is a significant procedural error. United States v. Spikes, 543 F.3d 1021, 1023 (8th Cir. 2008).

A defendant's criminal history score is calculated by including "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense," as well as prior sentences of the same length, "whenever imposed," that caused the defendant to be incarcerated anytime during the fifteen-year period. U.S.S.G. § 4A1.2(e)(1). The PSR included 3 points for a 12-year prison sentence that a state court imposed in 1990 after Luke was convicted of burglary. Though calculating this score in 2020, the PSR included the burglary sentence because Missouri Department of Corrections (DOC) records indicated that the sentence was completed in 2007—meaning Luke was incarcerated within the last 15 years.

Two events muddy the DOC records. First, Luke briefly escaped custody in 1995, resulting in another felony conviction after his recapture. And in 2004, the DOC released Luke on parole from his burglary sentence. But that parole was later revoked, and Luke returned to DOC custody until 2007. Luke argues that he

---

[1]The Honorable Stephen R. Clark, United States District Judge for the Eastern District of Missouri.

completed the 12-year sentence in 2002, which is outside the 15-year look-back period of § 4A1.2(e)(1). But because the DOC records seemingly recorded 2007 as the date his sentence was complete, within the 15-year period, the district court overruled Luke's objection to including that burglary sentence. This caused Luke's Guidelines range to increase from 57–71 months to 70–87 months.

Luke maintains that he completed the burglary sentence in 2002, so the district court erred by including it in his criminal history score. Even if that is true, the error was harmless. "An incorrect Guidelines calculation is harmless error where the district court specifies the resolution of a particular issue did not affect the ultimate determination of a sentence, such as when the district court indicates it would have alternatively imposed the same sentence even if a lower guideline range applied." United States v. Dace, 842 F.3d 1067, 1069 (8th Cir. 2016) (per curiam) (quotation omitted), *overruled on other grounds by* United States v. Swopes, 886 F.3d 668 (8th Cir. 2018) (en banc). Here, the district court specified that, "notwithstanding [Luke's] objections," it "would impose the same sentence by way of a variance or otherwise." Because the district court would have imposed an 87-month prison sentence even if a lower Guidelines range applied, any error in calculating the applicable Guidelines range was harmless.

Luke also argues that his 87-month prison sentence is substantively unreasonable. We review for abuse of discretion. See United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009). A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in weighing the appropriate factors. United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005). The 18 U.S.C. § 3553(a) factors guide the court in fashioning a sentence. Luke argues that the district court relied too heavily on his criminal history and the risk to the public, and did not adequately consider his age and physical condition when imposing an 87-month sentence.

Though it relied heavily on Luke's criminal record, probability of recidivism, and risk to the public, the sentencing record demonstrates that the district court took all relevant facts, including mitigating factors, into account. Luke "must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors." United States v. Townsend, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam). And we have held that a "district court [does] not abuse its discretion by placing particular emphasis on [the defendant's] consistent and recurring criminal conduct." United States v. Jenkins, 758 F.3d 1046, 1051 (8th Cir. 2014). As the district court noted, Luke's "criminal history and his criminal history propensity show zero signs of abating despite spending most of his life in custody." We conclude that the district court properly considered the § 3553(a) factors and did not abuse its discretion in imposing an 87-month prison sentence. We affirm.

_____