United States Court of Appeals

For the Eighth Circuit

_____

No. 22-1641
_____

United States of America

*Plaintiff - Appellee*

v.

Keith Gray

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 13, 2023
Filed: March 10, 2023
[Unpublished]
_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Keith Gray possessed firearms and drugs while on supervised release, in violation of the terms of his supervised release and federal law. The district court[1]

_____

[1] The Honorable Stephen R. Clark, Chief Judge, United States District Court for the Eastern District of Missouri.

imposed sentences for the supervised release violation and the new law violation to run consecutively. Gray appeals his revocation sentence, arguing the district court committed procedural error by treating a Guideline reference to consecutive sentences as mandatory. See U.S.S.G. § 7B1.3(f). We affirm.[2]

In 2018, Gray pled guilty to possessing a defaced firearm in violation of 18 U.S.C. § 922(k). In August 2019, Gray began a three-year term of supervised release. During 2020, police repeatedly found him in possession of firearms and controlled substances.

A grand jury in the Eastern District of Missouri indicted Gray for being a felon in possession of a firearm in October 2020. In July 2021, the probation office filed a revocation petition. Gray pled guilty to the possession charge and admitted the violations of supervised release. The district court held a combined sentencing for the new charge and the revocation. Both the government and Gray recommended the revocation sentence run concurrently with the sentence for the new charge.

The district court sentenced Gray to within-Guideline-range sentences for both the new violation and revocation, ordering the sentences to run consecutively. At the hearing, the district court noted the "guidelines are very clear that, on a supervised release revocation . . . there's to be incremental punishment unless there's exceptional circumstances[.]" Gray argues this comment means the district court treated the Guidelines as mandatory and committed a procedural error. See Gall v. United States, 552 U.S. 38, 51 (2007).

"In reviewing a sentence for significant procedural error, we review a district court's factual findings for clear error and its interpretation and application of the guidelines de novo." United States v. Marshall, 891 F.3d 716, 719 (8th Cir. 2018)

---

[2] The September 8, 2022 motion to supplement the record is denied as moot.

(citations omitted). We do not view "phrase[s] in isolation" when reviewing allegations that a district court viewed a Guideline as mandatory. United States v. Smith, 983 F.3d 1006, 1009 (8th Cir. 2020). Rather, we view "the record in its entirety[.]" Id. Here, the sentencing transcript makes clear that the district court knew "the court can vary" from the Guidelines. Instead of erroneously treating the Guidelines as presumptively reasonable or mandatory, the district court expressed concern that if the sentences run concurrently "there's no consequences for the supervised release revocation violation[,]" a result which may "encourage[] bad behavior or at least doesn't fully discourage that behavior while on supervised release, so I just think that's the wrong message to send here." And, the district court stated that "the supervised release violations here are numerous, they're extensive, [and] they're serious[.]"

To the extent Gray argues separately that his sentence is substantively unreasonable, "[w]e review the reasonableness of a revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings." United States v. Elbert, 20 F.4th 413, 416 (8th Cir. 2021). We find no abuse of discretion in imposing the within-Guideline-range sentence. United States v. St. Claire, 831 F.3d 1039, 1043 (8th Cir. 2016) (within-Guideline-range sentence is accorded a rebuttable presumption of substantive reasonableness on appeal).

The record shows the district court understood the Guidelines as advisory and properly exercised its discretion. We affirm the judgment of the district court.

_____