# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1388
_____

United States of America

*Plaintiff - Appellee*

v.

Deshawn Tyrone Braziel

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: January 9, 2023
Filed: June 7, 2023
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

PER CURIAM.

Deshawn Tyrone Braziel pleaded guilty to being a felon in possession of a firearm. His Guidelines range was 63 to 78 months' imprisonment. The district court[1]

_____

[1]The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota.

varied upward and sentenced him to 108 months' imprisonment. Braziel appeals, arguing that his sentence is unjust when compared to similarly situated defendants. We affirm.

The district court began its sentencing analysis by acknowledging the 18 U.S.C. § 3553(a) factors. It remarked that a 108-month sentence was sufficient but not greater than necessary to, among other things, "avoid unwarranted disparities between [Braziel's] sentence . . . and the sentences of defendants with similar records who have been found guilty of similar conduct." R. Doc. 76, at 20:4–7.

The district court noted that this was Braziel's fifth adult felony conviction and that he has "a substantial criminal history [that] spans almost 20 years, and that includes numerous felony and misdemeanor offenses and probation violations." *Id*. at 20:18–21. The district court also noted that Braziel's prior sentences had failed to deter him from committing crimes. The court specifically found that Braziel's criminal history indicated "an extreme disregard, disrespect for the law and that a significant punishment is warranted to both deter [Braziel] from committing crimes in the future as well as to protect the public from [him]." *Id*. at 21:1–5.

The district court discussed Braziel's proffered mitigating factors. These included his lack of a father figure, witnessing his mother being abused, being shot in the head at age 13, and associating with a street gang at an early age. The court acknowledged that Braziel "may have felt the need to have a gun to protect [him]self." *Id*. at 21:18–19. However, the court concluded that these circumstances did not excuse his behavior.

On appeal, Braziel argues that the district court procedurally erred by ignoring his sentencing-disparity argument and three cases involving similar charges and defendants. Braziel also argues that his sentence is substantively unreasonable

because mitigating circumstances compel less prison time in comparison to those three cases. We disagree.

"When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation marks omitted). "We review a district court's sentence in two steps: first, we review for significant procedural error; and second, if there is no significant procedural error, we review for substantive reasonableness." *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009).

First, the district court did not procedurally err by ignoring Braziel's sentencing-disparity argument. When a defendant presents non-frivolous arguments for a variance, "the judge will normally go further and explain why he has rejected those arguments." *Rita v. United States*, 551 U.S. 338, 357 (2007). But "not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008). When a district court does not expressly mention a party's arguments, but it is clear from the record that "the district court was aware of [the] arguments, . . .we . . . presume that the district court considered and rejected them." *United States v. Johnson*, 619 F.3d 910, 922 (8th Cir. 2010) (holding the district court was aware of an argument raised in defendant's sentencing memorandum and referred to at sentencing hearing); *see also United States v. Black*, 670 F.3d 877, 882 (8th Cir. 2012) (holding the district court did not procedurally err by not expressly addressing defendant's argument presented in sentencing memorandum because the record demonstrated that the district court read the memorandum and that it "was aware of the relevant factors and that it considered them when determining [the defendant]'s sentence").

Here, Braziel made the district court aware of his argument and the three related cases when he raised them at sentencing. And the district court expressly

stated that it considered the need to avoid unwarranted sentencing disparities. "[T]he absence of comment on [Braziel's] argument 'does not mean that it was not considered.'" *United States v. Miller*, 857 F. App'x 877, 879 (8th Cir. 2021) (unpublished per curiam) (quoting *Black*, 670 F.3d at 881). The distinctions that Braziel makes for each of his cited cases fail to show that the district court abused its discretion in determining his sentence based on the facts and factors it weighed relative to him. Nor does Braziel cite any controlling authority for the proposition that district courts are required to expressly compare the sentences of defendants in prior cases and make findings about why each subsequent defendant deserves more or less prison time in order to satisfy its obligation to avoid unwarranted disparity. Under *Johnson*, the district court did not procedurally err.[2]

Second, Braziel's sentence is substantively reasonable because the district court adequately addressed his mitigating circumstances. "Simply because the district court weighed relevant factors . . . more heavily than [Braziel] would prefer does not mean the district court abused its discretion." *United States v. Farmer*, 647 F.3d 1175, 1179 (8th Cir. 2011). District courts are accorded substantial discretion in sentencing, and the record in this case indicates that the district court considered Braziel's proffered mitigation evidence and found it wanting. His criminal history includes 11 adult convictions, 4 of which are felonies. Several of his past convictions were violent in nature. The court also noted his intransigent recidivism. Braziel has not shown that the district court erred in weighing his mitigation evidence.

---

[2]Braziel also argues, without any supporting caselaw, that the court failed to address why his extensive criminal history warranted an upward variance when his criminal history score was the lowest score qualifying for a criminal history category VI. "[W]e regularly decline to consider cursory or summary arguments that are unsupported by citations to legal authorities." *United States v. Marshall*, 891 F.3d 716, 720 (8th Cir. 2018) (per curiam) (internal quotation marks omitted). We decline to do so here.

Accordingly, we affirm Braziel's sentence.

_____