# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-3703
_____

United States of America

*Plaintiff - Appellee*

v.

Jordan Thomas Hopper

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: September 27, 2024
Filed: November 4, 2024
[Unpublished]
_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Jordan Hopper pleaded guilty to three federal drug offenses, *see* 21 U.S.C. §§
841(a)(1), 841(b)(1)(B), 841(b)(1)(C), 846, and the district court[1] sentenced him to
420 months' imprisonment, which was within the advisory sentencing guidelines

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for
the Southern District of Iowa.

range of 360 months' to life imprisonment. On appeal Hopper raises two procedural errors: he claims the district court erred first by imposing a three-level aggravating role enhancement and second by improperly calculating his criminal history score. Separately, Hopper argues that his 420-month sentence is substantively unreasonable. For the reasons discussed below, we affirm.

We first consider whether the district court committed a significant procedural error either in applying a role enhancement or in calculating his criminal history score. In reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its interpretation and application of the sentencing guidelines *de novo*. *United States v. Smith*, 983 F.3d 1006, 1008 (8th Cir. 2020).

Hopper argues the district court committed a significant procedural error by imposing a three-level aggravating role enhancement under U.S.S.G. § 3B1.1(b). Section 3B1.1(b) provides that a three-level enhancement is appropriate when "the defendant was a manager or supervisor . . . and the criminal activity involved five or more participants…" A "participant" is "a person who is criminally responsible for the commission of the offense, but need not have been convicted." *See* § 3B1.1 cmt. n. 1. Hopper does not dispute that the criminal activity involved five or more participants. Instead he contends that the district court erroneously found that his girlfriend, J.W., qualified as a participant in the conspiracy. In his view, she was "unwittingly" involved in the conspiracy and "did not know her actions were in furtherance of the conspiracy." And if J.W. was not a participant, then Hopper had no one to "manage," and the role enhancement would not apply.

The district court did not clearly err when it determined that J.W. was a witting participant in Hopper's conspiracy. *See United States v. Starks*, 815 F.3d 438, 441-442 (8th Cir. 2016) (reviewing for clear error the district court's determination that an individual is a participant). J.W. admitted she saw Hopper with "fake Percocet" pills and knew he "would sometimes share [pills] with other people and would also sell pills to others." J.W.'s admissions are corroborated by text messages indicating she helped Hopper deal drugs. She also conceded that she picked up money at

Hopper's direction. In light of this evidence, the district court did not clearly err when it determined that J.W. qualifies as a participant. Accordingly, we discern no error in the district court's imposition of the three-level aggravating role enhancement.

Hopper next contends the district court committed a significant procedural error when it calculated his criminal history score. The district court assessed two criminal history points to Hopper's criminal history score for a previous state conviction carrying a 120-day sentence. *See* § U.S.S.G. § 4A1.1(b) (specifying that two points are added "for each prior sentence of imprisonment of at least sixty days.") Those two points increased his criminal history category from V to VI. Hopper argues that he should not have received the points because that prior 120-day sentence was terminated after eighty-nine days, which he believes "vacated" the sentence. But "criminal history points are based on the sentence pronounced, not the length of time actually served." § 4A1.2, cmt. n. 2. *See also United States v. Gaye*, 902 F.3d 780, 793 (8th Cir. 2018) (affirming the assessment of two criminal history points because a defendant was sentenced to 120 days' imprisonment even though he only served fifty days). The sentence pronounced for Hopper's prior conviction was 120 days, so the district court properly assessed two points to his criminal history score. *See* U.S.S.G. § 4A1.1(b). Therefore, the district court did not err.

Finally, we evaluate whether Hopper's sentence is substantively unreasonable. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 51 (2007), and we presume that a sentence within the advisory guideline range is reasonable. *United States v. Hemsher*, 893 F.3d 525, 535 (8th Cir. 2018). A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in weighing the appropriate factors. *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005). Hopper argues that his sentence is substantively unreasonable because the district

court failed to accord proper weight under 18 U.S.C. § 3553(a)(6) to the need to avoid sentencing disparities among similarly situated defendants. He contends his 420-month sentence is "excessive compared to other individuals convicted of similar crimes," pointing to a national average sentence of 175 months for offenders within his sentencing zone.

We conclude that the district court did not abuse its discretion. Hopper's sentence is within the advisory guidelines range of 360 months to life and is afforded a presumption of reasonableness. *See Hemsher*, 893 F.3d at 535. At sentencing, the court properly and carefully considered the § 3553(a) factors, specifically citing mitigating factors such as Hopper's difficult childhood, drug addiction, and mental health diagnoses. It weighed those against specific aggravating circumstances, noting that Hopper's conduct led to at least two overdose deaths and two overdoses resulting in serious bodily injury. It also observed that the distribution conspiracy involved a "remarkable" volume of fentanyl and spanned several months. And the court weighed heavily Hopper's "disregard for the safety of others" by continuing to distribute even after multiple overdoses occurred. Hopper's appeal to national average sentence lengths falls short. The number he cites is an average, meaning some defendants receive sentences lower than 175 months, and other defendants, like Hopper, receive higher sentences. Hopper has failed to "show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors." *United States v. Townsend*, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam). Accordingly, we conclude that Hopper has not rebutted the presumption of reasonableness accorded his within-guidelines sentence. The district court did not abuse its discretion.

We affirm.

_____